

# THE ATTORNEY GENERAL

# OF TEXAS

AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

December 2, 1964

Mr. Uel Stephens, Chairman
Texas State Board of Regis-
  tration for Professional
  Engineers
1400 Congress
Austin, Texas

Opinion No. C-354

Re: Whether, under the stated
    facts, the Texas State
    Board of Registration
    for Professional Engi-
    neers has the authority
    to re-open an applica-
    tion for registration
    under Section 18 of
    Article 3271a that was

Dear Mr. Stephens:
    rejected 26 years ago.

Your letter requesting an opinion of this office
reads in part as follows:

"Reference is made to Section 18 of the
Texas Engineering Registration Act, Article
3271a, Vernon's Annotated Texas Statutes,
Senate Bill No. 74, Acts Regular Session,
45th Texas Legislature.

"An individual who originally applied
for registration as a Professional Engineer
under the provisions of Section 18, and whose
application was rejected, appeared before the
board at our last meeting. This individual
requested in writing that he be voted regis-
tration at this time. He was accompanied by
his attorney. Our files show that the original
application was dated May 26, 1938, and was
received in this office on May 28, 1938. The
records further reveal that his application
was formally rejected on August 5, 1938. . . .

"The records in this office indicate that
nothing more was heard from the applicant
until March 16, 1953, when a Registered Pro-
fessional Engineer came in to the office and
talked with the Secretary concerning the
application. Our records further indicate
that the applicant came to the office and
talked with the Secretary on July 2, 1957.

-1675-

At that time, the applicant was advised it would be necessary for him to take the written examination to be licensed to practice Engineering in Texas.

". . .

"The attorney wrote on October 9, 1964, requesting permission to appear before the Board at its October 27, 1964, meeting. The permission was granted, and the applicant and his attorney appeared. The applicant filed with the Board a written request to be registered under the provisions of Section 18, and stated he did not wish to apply to take the examination under Section 12, Subsection (b).

"There has long been a rule (since 1946) of the Board which reads as follows:

"'At any time within one year after date of notice of action by the Board a request may be made for reconsideration of an application which has been rejected. After one year has expired a new application is required and must be made under a section of the Law available on the date this new application is filed.

"'A rejected applicant may request reconsideration under the section in which he applied, at any time within one year, without additional fees, but additional or explanatory evidence bearing on the record as filed, and of the date originally filed, must be furnished to the board.'"

"The above rule was adopted under the Powers of the Board, which is Section 8 of the Act.

"It is the Board's opinion that we are without legal authority to re-open or to reconsider at the present time an application for registration under Section 18 of Article 3271a that was rejected over twenty-six (26) years ago, and it is necessary for an applicant to re-apply under a provision of the Law that is presently in effect.

"It is requested that you give us your opinion as to the correctness of this interpretation."

Sections 12, 18 and 21 of Article 3271a prescribe methods by which an applicant may receive a certificate of registration to become a registered engineer in the State of Texas. All forms of engineering are covered by this Article which requires all persons using such knowledge and principles when designing or supervising public construction to have their qualifications approved by the State Board of Registration for Professional Engineers. Gray v. Blau, 223 S.W.2d 53 (Tex.Civ.App. 1949, error ref. n.r.e.).

Section 18 of Article 3271a reads in part:

". . .After this Act shall have been in effect one (1) year, the Board shall issue certificates of registration only as provided for in Section 12 or Section 21 thereof."

Clearly, Section 18 was available to applicants for registration for only one year beginning from the date of enactment of Article 3271a. As Article 3271a was enacted over 26 years ago in 1937, it is our opinion that the Board is without legal authority under the stated facts to now issue a certificate of registration under Section 18 of Article 3271a. The above quoted rules set forth by the Board are properly drawn within Section 8 and are reasonably necessary for the performance of its duties and regulation of proceedings before it.

## S U M M A R Y

The Texas State Board of Registration for Professional Engineers having rejected an application 26 years ago under Section 18 of Article 3271a is without legal authority to re-open the application and issue a certificate of registration under Section 18.

Very truly yours,

WAGGONER CARR
Attorney General

By: Gordon Houser

Gordon Houser
Assistant

GH:mkh:sj

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
J. Arthur Sandlin
Pat Bailey
Harold Kennedy
Bill Allen

APPROVED FOR THE ATTORNEY GENERAL
BY:  Stanton Stone